UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| TIMOTHY HOPSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:21-CV-147 |
| | ) | |
| FIRST ONSITE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed a pro se Complaint [Doc. 2] and a Motion [Doc. 1] to proceed *in forma pauperis*. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Plaintiff is representing himself in this action.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For that reason, the statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S.Ct. at 90. An affidavit to proceed *in forma pauperis* is

sufficient if its states that the petitioner cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, Plaintiff's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees [Doc. 1], therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319, 109 S.Ct. 1827. [1] The Court recommends that Plaintiff's claim not proceed for the reasons stated below.

I.   ANALYSIS

The Court previously entered an Order permitting Plaintiff to further address any basis he had for asserting diversity jurisdiction. [Doc. 4]. Therein, the Court explained that it has an obligation to raise the issue of subject matter jurisdiction if there is a question regarding whether it has statutory authority to hear a case. *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[C]ourts have a duty to consider their subject matter

---

[1] While Plaintiff is not a prisoner, 28 U.S.C. § 1915 is not limited to prisoner suits despite its references to prisoners. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D.Pa. 1997).

jurisdiction in regard to every case and may raise the issue sua sponte."). The Court observed this was a case sounding in state law and proceeded to screen the Complaint pursuant to 28 U.S.C. § 1332. Based on its review, the Court was satisfied with the amount-in-controversy prong § 1332 but advised Plaintiff that he would need to submit a statement which more clearly addressed Defendant's citizenship. *Id*. The Court provided Plaintiff with this opportunity to address the jurisdictional deficiency because the Sixth Circuit has directed lower courts to be more lenient with pro se litigants. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (reminding courts of the "less stringent standards" required of pro se pleaders). In doing so, the Court also reminded Plaintiff that the Court cannot address his complaint unless it has jurisdiction. *Glagola v. Glagola*, No. 02-10144-BC, 2002 WL 31938744, at *1 (E.D. Mich. Dec. 19, 2002) ("Basic to a the Court's ability to grant relief is jurisdiction to do so. . . ."). Plaintiff has filed a Supplement [Doc. 6] addressing the issue of citizenship.[2] Therein, Plaintiff offers the following statement pertinent to the Court's inquiry:

> First Onsite Inc. is headquartered in Texas but shows to have branches licensed in almost every state. Plaintiff signed an employment contract at his home in Hoton, TN via electronic communication through Docusign and attended a virtual orientation with the company via Zoom.

[Doc. 6, p. 2]. The Court will now review the amended jurisdictional statement in the context of applicable law.

At issue is whether Plaintiff and Defendant are citizens of different states. It is clear that Plaintiff is a citizen of Tennessee. At issue is Defendant's place of citizenship. As a corporation, Defendant has two places of citizenship: (1) the place of its incorporation and (2) its principal place of business. *Mortenson Family Dental Ctr., Inc. v. Heartland Dental Care*, 526 F. App'x 506, 508

---

[2] Plaintiff's supplement covered other topics beyond the issue of subject matter jurisdiction. The Court will not review those statements as the Court's previous order expressly stated the supplement could only address subject matter jurisdiction.

(6th Cir. 2013). Plaintiff, as the party invoking subject matter jurisdiction, bears the burden of demonstrating by a preponderance of the evidence that subject matter jurisdiction is not lacking. *See Woods v. Keith Titus Corp.*, No. 3:12-CV-112, 2013 WL 3324062, at *1 (E.D. Tenn. July 1, 2013). The Court notes that Plaintiff's Complaint and Supplement are silent as to First Onsite's place of incorporation. As a rule, courts do not fill in the blanks for litigants, even those proceeding pro se, when they omit pertinent information. *Bell v. Statum*, No. 3:17-CV-960, 2018 WL 634478, at *2 (M.D. Tenn. Jan. 11, 2018), *report and recommendation adopted,* No. 3:17-CV-00960, 2018 WL 624121 (M.D. Tenn. Jan. 29, 2018). This omission alone is enough to doom the instant jurisdictional statement.

Even if the Court were to assume, *arguendo*, that First Onsite's place of incorporation is not Tennessee, Plaintiff's statement would still need to demonstrate Defendant's principal place of business is not the State of Tennessee. To the extent this is addressed, Plaintiff advises Defendant is headquartered in Texas and operates across the country. Unfortunately, a corporation is not always the citizen of a state where it has its headquarters or the state where it has an office. *See Davis v. Equifax, Inc.*, No. 5:20-CV-361, 2020 WL 1493857, at *2, n. 4 (N.D. Ohio Mar. 27, 2020) (citing *Riggs v. Island Creek Coal Co.,* 542 F.2d 339, 342 (6th Cir. 1976) (a corporation's headquarters does not "invariably govern the location of its principal place of business")). Instead, principal place of business refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). The Supreme Court has also described this place as a corporation's "nerve center." *Id.* at 93. It is unclear in this case whether Texas is the nerve center of First Onsite's operations. The Court cannot presume Texas is the principal place of business in the absence of such a statement. In order to demonstrate diversity, Plaintiff must assert both that Defendant is incorporated in a place other

than Tennessee and that Tennessee is not Defendant's principal place of business, which he has failed to do. *See Doss v. Citizens Sav. & Tr.. Co*., No. 3:19-0265, 2020 WL 9935823, at *7 (M.D. Tenn. Jan. 3, 2020), report and recommendation adopted sub nom. *Doss v. Citizens Sav. & Tr. Co.*, No. 3:19-CV-00265, 2020 WL 9935828 (M.D. Tenn. Feb. 26, 2020); *see also Wachter, Inc. v. Cabling Innovations*, LLC, 387 F. Supp. 3d 830, 843 (M.D. Tenn. 2019).

## II. CONCLUSION

For the reasons stated above, it is recommended that Plaintiff's Complaint [Doc. 2] be **DISMISSED** without prejudice. This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[3]

Respectfully submitted,

s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[3] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).